Nov. Term,
1854.

MORTON
v.
WHITE.

*Per Curiam.*—The judgment is affirmed with costs.

*J. S. Newman* and *J. P. Siddall*, for the appellants.

*J. Perry*, for the state.

----·-◄•◆•►·----

## MORTON *v.* WHITE.

The overruling of a motion to suppress depositions can not be assigned for error, where the evidence objected to is so vague that it can not be presumed to have had any influence upon the result of the suit.

Exhibits, under the chancery practice in this state, might be proved at the hearing.

An agreement executed in 1848, which constituted the basis of part of a decree, contained no waiver of valuation or appraisement laws, and it appeared by the record that part, at least, of the basis of the decree was within the operation of those laws. The decree directed the sheriff to sell without relief from such laws. *Held*, that it was erroneous.

*Wednesday,
November 29.*

ERROR to the *Henry* Circuit Court.

STUART, J.—Bill in chancery by *Morton*, assignee, &c., against *White*. The bill sets out an agreement between *White* and one *Poston*, whereby the latter is to convey sundry lots and lands to *White;* and *White* on his part is to assume *Poston's* debts, to the amount of 2,400 dollars. The lands to be conveyed and the debts to be paid, are particularly specified. The agreement contains a great many other stipulations—such as giving *Poston* the right to sell the property, *White* to make the conveyance, &c. It also gives the details of a large number of cattle and stock, and the manner in which they are to be disposed of; closing with a provision that on the sale of these, *White* and *Poston* are to have a final settlement of all their dealings, including the 2,400 dollars named in the forepart of the agreement. This article is dated *February* 28, 1848.

The object of the bill is a settlement of the complicated transactions growing out of this agreement.

Three questions are raised.

1. It is urged that the Court erred in overruling the motion to suppress certain depositions. The form of the questions, and the general scope of the evidence sought to

be elicited, might be matter of doubt, at least. Whether, for instance, *Poston's* admissions, supposing him to be a competent witness, should be received. But the answers elicited are too vague to be regarded as evidence. One of the witnesses said he did not recollect anything about the matter to which the alleged improper question related. The whole evidence touching this point is of a similar character, and could not be presumed to have influenced the mind of the Court.

The question whether *Poston's* admissions could be received, is, therefore, not presented. To raise that point, it should appear that some answer pertinent to the issue had been given. The bare fact that a question, even an improper one, was put, which drew out only a vague response, could not prejudice the party, nor be assigned for error.

The second objection, to the proof of exhibits at the hearing, is not supported by any reference to authority. The practice is now too well settled in this state to be seriously questioned.

The third objection seems to be well taken. The agreement on which in part the decree is based, dated *February* 28, 1848, contains no waiver of valuation or appraisement laws. It appears from the statements and depositions, that part, at least, of the basis of the decree must have been within the operation of these laws. The decree, in terms, directs the sheriff to sell without relief, &c. In that respect it is erroneous, and must be reversed.

*Per Curiam.*—The decree is reversed with costs. Cause remanded, &c.

*J. S. Newman* and *J. P. Siddall,* for the plaintiff.